# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CIRO HERIBERTO GONZALEZ HUITRON,<br><br>Plaintiff<br><br>v.<br><br>FOURTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA,<br><br>Defendant | Case No.: 3:25-cv-00551-ART-CSD<br><br>**Order**<br><br>Re: ECF No. 1, 1-1 |

Plaintiff is a pretrial detainee currently in custody at Elko County Jail. He has filed an application for leave to proceed in forma pauperis (ECF No. 1) and a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1-1).

The complaint seeks immediate release from custody on the basis of alleged violations of Plaintiff's speedy trial, excessive bail, and due process rights. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A pretrial detainee challenging his continued custody or detention in state court should file his claim pursuant to 28 U.S.C. § 2241. *See McNeely v. Blanas*, 336 F.3d 822, 824 (9th Cir. 2003).

Plaintiff's request for relief seeks *only* immediate release from confinement, Plaintiff refers to his case as his "habeas," and Plaintiff marked the "habeas" box on his IFP application, twice. (ECF No. 1-1 at 6; ECF No. 1 at 1, 4.) It therefore appears to the court that Plaintiff

intended to pursue a habeas petition and not a civil rights complaint. If so, Plaintiff must file his petition on the court's form for habeas actions. In so doing, he should take care to name the proper respondent, which would be the warden or custodian of the facility at which he is being housed.

If Plaintiff does not timely file a petition for writ of habeas corpus in this case, the court will screen his complaint as filed under § 1983 and consider his IFP application accordingly. Plaintiff is advised that if his complaint proceeds under § 1983, the filing fee is $405.

## CONCLUSION

Accordingly, the Clerk shall **SEND** Plaintiff a copy of the approved form and instructions for a petition for writ of habeas corpus under 28 U.S.C. § 2241.

Plaintiff will have **30 days** from the date of this order to file his claims on the § 2241 form, if that is the form of relief he seeks. If Plaintiff does not timely file his claims on the § 2241 form, the court will treat this action as arising under § 1983 and will proceed accordingly.

**IT IS SO ORDERED**.

Dated: November 3, 2025

_____
Craig S. Denney
United States Magistrate Judge